FRANK HUBERTUS and OTTO HUBERTUS, Appellants, *v.*
WILLIAM REILLY, Respondent.

(County Court, Livingston County, December, 1914.)

Code of Civil Procedure, § 1391 — action against employer of judgment
debtor after refusal to pay pursuant to garnishee execution —
pleading and proof.

Section 1391 of the Code of Civil Procedure was enacted for
the purpose of enabling creditors to collect their judgments
where defendants were receiving wages of more than twelve
dollars a week and is only intended to enable creditors to
obtain by compulsory process ten per cent of such wages
that the employee would not pay voluntarily.

In no event can an employer be compelled to pay more than
ten per cent of the wages actually earned by the employee,
and in all cases the amount of such wages must be shown
before plaintiff can recover in an action brought against the
employer under said section.

Upon the trial of an action to recover the full amount of
the original judgment, its recovery, the issuance of an execu-
tion thereon and the return of the same *nulla bona*, the obtain-
ing of a garnishee execution under said section 1391, the
presentation of the same to the defendant and his refusal to
pay the same were proved. No evidence was given as to the
amount actually earned and received by the judgment debtor
after the original demand under the garnishee execution, a
second demand having been made five months thereafter, though
it appeared that during a portion of the time the judgment
debtor was receiving in excess of fifteen dollars a week. On
plaintiffs' objection evidence offered by defendant to show the
wages actually earned and received by the judgment debtor
was excluded. The garnishee execution was never changed or
modified.

Held, that plaintiffs were entitled to recover something, and a
judgment in favor of defendant will be reversed and a new
trial ordered before the justice of the peace who tried the
action.

APPEAL from Justice's Court. Action by Frank Hubertus and Otto Hubertus against William Reilly. From judgment for defendant, plaintiffs appeal.

A. J. Hibbard, for appellants.

Newton B. Gorham, for respondent.

ABBOTT, J. On the 9th day of April, 1913, the plaintiffs and appellants recovered a judgment in Justice's Court before Horace A. Burdick, justice of the peace of the town of North Dansville, N. Y., against one Samuel Peterson in the sum of forty-nine dollars and ninety-six cents damages and costs.

On the 10th day of May, 1913, an execution issued by said justice against the defendant Peterson was returned wholly unsatisfied.

Upon satisfactory proofs being presented to said justice of the facts required by section 1391 of the Code of Civil Procedure a garnishee execution was issued by said justice requiring the above named William Reilly, defendant and respondent, the employer of said Peterson, to pay to the officer presenting said execution the sum of one dollars and fifty cents per week, that amount being ten per cent of the earnings of said Peterson, as shown by the affidavit of one of the plaintiffs herein presented to said justice, until the whole amount of said judgment, costs and charges was fully paid.

Said garnishee execution was duly presented to said defendant Reilly by the officer having the same for collection and payment demanded, as in said execution provided, on or about May 10, 1913, and again on or about October 30, 1913, and payment was on both occasions demanded by said officer and refused by said defendant.

The execution in question has never been changed or modified and is still in force and is the only garnishee execution outstanding against said defendant Peterson.

This action is brought against said defendant Reilly, an employer, under section 1391 of the Code of Civil Procedure, to recover the amount of said judgment.

Defendant filed with the justice a written offer of judgment signed by him for the sum of eleven dollars and costs, which offer was not accepted by plaintiff.

Upon the trial of the case, the obtaining of the original judgment, the issuing of the execution thereon and that the same had been returned wholly unsatisfied, the obtaining of the garnishee execution and the presentation of the same to the defendant and his refusal to pay the same were all fully proved. The plaintiff claimed that the defendant was liable to pay the sum of ten per cent per week, in this case the sum of one dollar and fifty cents per week, under the order of the justice until said judgment was fully paid, irrespective of any proof as to the amount earned or received by said Peterson in the premises. That the only way he could escape such payment was to come before the justice and have the execution modified or vacated. Plaintiffs gave no evidence on the trial of the case as to the amount actually earned and received by said Peterson after the original demand under the garnishee execution. It appeared, however, that during a portion of the time Peterson was receiving in excess of fifteen dollars per week. Defendant attempted to prove upon the trial of the case the amount of wages actually earned and received by Peterson, but under plaintiffs' objection this evidence was excluded.

The trial was before a justice and a jury, and the jury rendered a verdict in favor of the defendant of no cause of action, whereupon said justice entered a judgment against the plaintiffs and in favor of the defend-

ant for nine dollars and ten cents costs, from which judgment this appeal is taken.

The section of the Code under which this action is brought was enacted for the purpose of enabling creditors to collect their judgments in cases where the defendants were receiving wages weekly to at least the amount of twelve dollars, where such judgments could not be collected by execution. The section of the Code prescribes the manner of obtaining a garnishee execution thereunder. An affidavit is presented to the justice or judge showing that the defendant is receiving in weekly wages at least the sum of twelve dollars; that no other garnishee execution is then outstanding against him, and, upon such facts being shown to the satisfaction of justice or judge, a garnishee execution, so called, is issued directing such employer to deduct weekly from the wages of such defendant employee ten per cent of his weekly wages and pay them over to the officer holding such execution until the same is fully satisfied.

Such section also provides that said employer may apply to the court for a modification of said execution.

In case the employer refuses to make such payments the section provides that an action may be brought against him to collect such ten per cent of the wages.

In this case no application was made for the modification of the execution, and after a sufficient length of time had elapsed so that computing ten per cent of Peterson's weekly wages at one dollar and fifty cents per week would amount to the total of the judgment sought to be collected, and, on the refusal of the defendant to pay the same, this action was commenced.

Plaintiffs' contention that on the failure of the employer to get the execution modified he was liable for the one dollar and fifty cents per week until such execution was fully paid, irrespective of the amount

earned or received by the employee, cannot be sustained.    Such interpretation of the law could not be tolerated for one moment.   It might, in effect, be compelling an employer to pay a judgment for which he was not liable in any way.   The law is only intended to enable the creditor to obtain some portion of defendant's wages, by compulsory process, that such employee would not pay voluntarily.   In no' event can an employer be compelled to pay more than ten per cent of the moneys actually earned by said employee, and proof in all cases of this kind must be made of the amount of such wages so earned before plaintiff is entitled to recover and then he can only recover ten per cent of the amount of the wages actually earned. A defendant can also defeat the operation by law by ceasing to work for an employer who has been served with such a garnishee order, and there is nothing in the law to prevent it in any way.

It appearing that in this case during a portion of the time Peterson was receiving more than twelve dollars a week and that the plaintiffs were certainly entitled to some amount from the defendant, the judgment should be reversed and a new trial ordered, with costs of this appeal and of the first trial, to abide the event of a new trial.

Judgment reversed and a new trial ordered before Justice Burdick, who tried this action, at his office in the village of Dansville, N. Y., on the 22d day of December, 1914, with costs of this appeal and of the first trial, to abide the event of a new trial.

Judgment reversed and new trial ordered, with costs to abide event.